UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JIMMIE LEWING § | | CIVIL ACTION |
|     Plaintiff § | | |
| § | | |
| VS. § | | NO. 9:21-CV-133 |
| § | | |
| WALMART STORES TEXAS, L.L.C. § | | |
|     Defendant § | | JURY |

### **ORIGINAL ANSWER OF DEFENDANT, WALMART STORES TEXAS, LLC**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW WALMART STORES TEXAS, LLC, Defendant in the above cause, and files its Original Answer to Plaintiff's Original Petition, and would respectfully show the Court as follows:

I.

1.   In response to the allegations contained in Paragraph I of Plaintiff's Original Petition, Defendant denies that discovery should be governed by the Rule 190 Discovery Control Plan (Level 2) of the Texas Rules of Civil Procedure.  Discovery should be conducted under the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Texas.

II.

2.   In response to the allegations contained in Paragraph II, Section 1 of Plaintiff's Original Petition, Defendant admits that Plaintiff is a resident of Texas.

3.   In response to the allegations contained in Paragraph II, Section 2 of Plaintiff's Original Petition, Defendant admits that WALMART STORES TEXAS, L.L.C., is a foreign corporation.  The sole member of Defendant, WALMART STORES TEXAS, L.L.C., is Walmart Stores East, L.P., a Delaware limited partnership with its principal place of business is in the

State of Arkansas. Walmart Stores East, L.P., is comprised of general partner, WSE Management, L.L.C., and limited partner, WSE Investment, L.L.C., both of which are Delaware limited liability companies with their principal places of business in the State of Arkansas. The sole member of both WSE Management, L.L.C., and WSE Investment, L.L.C., is Walmart Stores East, Inc., an Arkansas corporation with its principal place of business in the State of Arkansas. Walmart Stores East, Inc., is wholly owned by WALMART, INC., a Delaware corporation with its principal place of business in Arkansas. WALMART STORES TEXAS, L.L.C. may be served with process through its registered agent at CT Corporation System, 1999 Bryan Street, Suite 900, Dallas TX 75201. Defendant admits it does business in the State of Texas from time to time within the jurisdiction of this Honorable Court.

III.

4.      In response to the allegations contained in Paragraph III of Plaintiff's Original Petition, Defendant states that venue is proper in the United States Eastern District Court of Texas, Lufkin Division, since the subject matter that is subject to this lawsuit arose in Polk County, Texas. Defendant admits that Plaintiff alleges an amount of damages above the minimum jurisdictional limits of this Court; however, Defendant denies that Plaintiff is entitled to same. Defendant denies the remainder of the allegations set forth in Paragraph III of Plaintiff's Original Petition, both individually and in the aggregate.

IV.

5.      In response to the allegations contained in Paragraph IV of Plaintiff's Original Petition, Defendant admits that Plaintiff entered the premises with an implied invitation from Walmart Stores Texas, LLC. Defendant denies the remainder of the allegations set forth in Paragraph IV of Plaintiff's Original Petition, both individually and in the aggregate.

V.

6. In response to the allegations contained in Paragraph V of Plaintiff's Original Petition, Defendant same, both individually and in the aggregate.

VI.

7. In response to the allegations contained in Paragraph VI, Section 1 of Plaintiff's Original Petition, including but not limited to (1) through (7), Defendant denies same, both individually and in the aggregate.

8. In response to the allegations contained in Paragraph VI, Section 2 of Plaintiff's Original Petition, Defendant admits that Plaintiff alleges an amount in controversy of over $250,000 and not more than $1,000,000; however, Defendant denies that Plaintiff is entitled to recover same.

VII.

9. In response to the allegations contained in Paragraph VII, Section 1 of Plaintiff's Original Petition, Defendant admits that Plaintiff seeks said interest; however, Defendant denies that Plaintiff is entitled to recover same.

10. In response to the allegations contained in Paragraph VII, Section 2 of Plaintiff's Original Petition, Defendant admits that Plaintiff seeks the recovery prayed for; however, Defendant denies that Plaintiff is entitled to recover same.

VIII.
**AFFIRMATIVE DEFENSES**

11. Further answering herein, Defendant avers that Plaintiff was negligent in certain acts and omissions, including the following:

a. Failure to keep a proper lookout on the occasion in question;

  b.  Failure to take proper evasive action;

  c.  Failure to use ordinary care for his safety and/or;

  d.  Failing to walk more carefully under the circumstances.

Such negligence by Plaintiff was the proximate cause, or alternatively, a proximate cause of the occurrence.

IX.

  12.  Further answering herein, Defendant says that it was not in any way guilty of any negligence on the occasion in question, but says that Plaintiff's recovery, if any, should be barred or otherwise reduced pursuant to the comparative responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code.

X.

  13.  Alternatively, Defendant alleges that the incident made the basis of this lawsuit was an unavoidable accident.

XI.

  14.  Further answering herein, and in the alternative, Defendant denies that any condition from which Plaintiff is suffering, if any, is the result, directly or indirectly, of the occurrence alleged in Plaintiff's Original Petition. Defendant says that if Plaintiff is suffering from any injury, illness, disease, or condition claimed by Plaintiff, then same is the result, in whole or in part, of some prior or subsequent accident, injury, illness, disease, physical defect, or bodily condition, for which the Defendant is not in any way responsible.

XII.

  15.  Further answering herein and in the alternative, Defendant states that Plaintiff failed to act as a person of ordinary prudence would have acted under the same or similar

circumstances in caring for and treating his alleged injuries and/or limiting and/or failing to mitigate his alleged damages, if any, that resulted from the occurrence in question.

### XIII.

16. Further answering herein, Defendant states that pursuant to Section 41.0105 of the Texas Civil Practice and Remedies Code, Defendant is entitled to an offset/credit for any medical or health care expenses that have not actually been paid or incurred by or on behalf of the Plaintiff.

### XIV.

17. Further answering herein, and in the alternative, Defendant states that pursuant to Section 18.091 of the Texas Civil Practice and Remedies Code, with regard to Plaintiff's claim for lost earnings/earning capacity, the maximum amount Plaintiff may recover, if any, would be limited to his net loss, if any, after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

### XV.

18. Furthermore, Defendant denies that Plaintiff is entitled to damages, including exemplary damages. Defendant invokes all applicable restrictions and caps on punitive damages and compensatory damages available under the Texas and Federal Constitutions and Texas Civil Practice & Remedies Code.

### XVI.

19. Further, Defendant would show that any alleged exemplary damages would be limited by Section 41.008, Tex. Civ. Prac. & Rem. Code and the 8th and 14th Amendments of the U.S. Constitution.

XVII.

20. Further, Defendant states that Plaintiff's claims for punitive or exemplary damages, if granted, would be grossly excessive and would violate the Due Process Clause of the U. S. Constitution. Defendant did not receive fair notice that they could be subject to substantial punitive damages for the conduct alleged and its conduct, if any, was not deliberate or malicious or reckless as that conduct is defined by the applicable law.

XVIII.

21. Further, Defendant states that Plaintiff's claims for punitive or exemplary damages, if granted, would violate the Eighth Amendment to the U. S. Constitution and the Texas Constitution because Plaintiffs seek to impose an excessive fine upon Defendant which is penal in nature and which seeks to punish a defendant based upon vague standards.

XIX.

22. Further, Defendant states that Plaintiff's claims for punitive or exemplary damages, if granted, would violate the Equal Protection Clause of the U.S. Constitution because Plaintiff seeks to discriminate against Defendant on the basis of wealth.

XX.

23. Further, Defendant states that Plaintiff's claims for punitive or exemplary damages, if granted, would violate the Separation of Powers Doctrine since this Court would be usurping the exclusive power of the legislature to define what conduct constitutes a crime subject to such penalties and to establish the appropriate punishment.

XXI.

24. Further, Defendant states that Plaintiff's claims for punitive or exemplary damages, if granted, would violate the U.S. Constitution as an ex post facto law. Any such award

would effectively be criminalizing conduct after it has occurred and without appropriate advance notice to Defendant that such conduct might subject it to criminal punishment.

XXII.

25. Defendant further pleads that in the event punitive or exemplary damages are submitted, proper jury instructions be given pursuant to Transportation Ins. Co. v. Moriel, 879 S.W.2d 10 (Tex. 1994) and Pacific Mutual Life Insurance Company v. Haslip, 499 U.S. 1,18 (1991).

XXIII.

26. Defendant further pleads that in the event punitive damages are awarded in this case, that this Court review the award pursuant to the standards set forth in Haslip and Moriel, supra, to ensure that the verdict is not unconstitutional and/or excessive.

XXIV.

27. Defendant further pleads and invokes the standards for recovery and limitation on the amount of recovery as set forth in Chapters 41, Section 41.001 through Section 41.009 of Texas Civil Practice and Remedies Code. To the extent necessary, Defendant moves for severance of any claim for gross negligence and/or punitive damages.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by reason of this suit herein, and that Defendant goes hence without day and recovers its costs.

Respectfully submitted,

MEHAFFY WEBER, P.C.

/s/ Karen L. Spivey
KAREN L. SPIVEY
KarenSpivey@mehaffyweber.com
Federal Id. No.11680
Texas Bar No. 18955100

7

>ATTORNEY IN CHARGE FOR DEFENDANT,
>WALMART STORES TEXAS, LLC
>GORDON R. PATE
>GordonPate@mehaffyweber.com
>Federal Id. No. 9811
>Texas Bar No. 15563000
>P.O. Box 16
>Beaumont, TX 77704-0016
>2615 Calder Avenue, Suite 800
>Beaumont, TX 77702
>Ph:    409-835-5011
>Fx:    409-835-5177

CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of August, 2021, a true and correct copy of the foregoing instrument was served upon Plaintiffs' counsel in accordance with the Federal Rules of Civil Procedure by certified mail, return receipt requested, at the addressed as follows:

Mr. Kraig L. Rushing
SBN: 24071554
krushing@krushinglwa.com
KRAIG L. RUSHING ATTORNEY AT LAW
2030 North Loop West, Suite 280
Houston TX 77018
Ph:    346-239-9670
Fx:    832-667-9046

>/s/ Karen L. Spivey
>KAREN L. SPIVEY